Filed 6/22/15  In re Jose T. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re JOSE T., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B259052 (Super. Ct. No. 2013001929) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE T.,<br><br>    Defendant and Appellant. | |

Jose T. appeals from a judgment sustaining a juvenile wardship petition.  (Welf. & Inst. Code, § 602.)  The petition alleged one count of possession of marijuana for sale.  (Health & Saf. Code, § 11359.)  The juvenile court committed appellant "to the care of the probation officer for a period of 104 days."  Appellant's sole contention on appeal is that the court erroneously denied his motion to suppress the results of a warrantless search of his cell phone.  (Welf. & Inst. Code, § 700.1.)  The search was incident to appellant's arrest.  We affirm.

*Facts*

In December 2012 Officer Christopher Martin of the Simi Valley Police Department stopped a vehicle because it did not have a front license plate.  Appellant was the driver.  Upon contacting appellant, Martin smelled an odor of marijuana coming from inside the

vehicle. Appellant admitted possessing marijuana and handed Martin "a cylindrical-type object that contained the marijuana." Appellant said he was 17 years old and did not have a "prescription" for the marijuana.

Officer Martin arrested appellant and, "incident to [the] arrest," searched his cell phone. Martin saw "some text messages on the cell phone that were consistent with [appellant] being involved in selling marijuana." Martin searched the vehicle and found a scale with marijuana residue on it. He searched appellant and found $500 in cash. Appellant said that he had been selling marijuana "to kids at his school" and had been "making about a thousand bucks a month." The $500 on his person "was profit from selling marijuana."

*Standard of Review*

"In reviewing a trial court's ruling on a motion to suppress evidence, we defer to that court's factual findings, express or implied, if they are supported by substantial evidence. [Citation.] We exercise our independent judgment in determining whether, on the facts presented, the search or seizure was reasonable under the Fourth Amendment. [Citation.]" (*People v. Lenart* (2004) 32 Cal.4th 1107, 1119.)

*Discussion*

Appellant contends that the search of his cell phone was unlawful pursuant to *Riley v. California* (2014) __ U.S. __ [134 S.Ct. 2473, 189 L.Ed.2d 430] (*Riley*). There, the United States Supreme Court held that the search incident to arrest doctrine does not apply to searches of cell phones. Thus, "a warrant is generally required before such a search, even when a cell phone is seized incident to arrest." (*Id*., 134 S.Ct. at p. 2493.)

Officer Martin searched appellant's cell phone in December 2012, more than one year before *Riley* was decided. At the time of the search, the controlling authority was our California Supreme Court's decision in *People v. Diaz* (2011) 51 Cal.4th 84 (*Diaz*). *Diaz* "held that the Fourth Amendment permits a warrantless search of cell phone data incident to an arrest, so long as the cell phone was immediately associated with the arrestee's person. [Citation.]" (*Riley*, *supra*, 134 S.Ct. at p. 2481.)

2

We presume that, when Officer Martin searched appellant's cell phone, he was relying on *Diaz*'s authorization of such a search as incident to appellant's arrest. "A public officer is presumed to know the law, provided it is clearly established. [Citation.]" (*Conway v. Pasadena Humane Society* (1996) 45 Cal.App.4th 163, 178-79.) Since Officer Martin was a peace officer, he was also a public officer. (*In re Eddie D.* (1991) 235 Cal.App.3d 417, 422.)

In denying appellant's motion to suppress, the juvenile court concluded that Officer Martin had "properly relied upon the authorities [e.g., *Diaz*] that were in existence at the time that the search was conducted." The court invoked an exception to the exclusionary rule established by the United States Supreme Court in *Davis v. United States* (2011) 564 U.S. __ [131 S.Ct. 2419, 180 L.Ed.2d 285] (*Davis*). *Davis* held that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." (*Id*., 131 S.Ct. at p. 2429.) The Supreme Court reasoned: "[W]hen binding appellate precedent specifically *authorizes* a particular police practice, well-trained officers will and should use that tool to fulfill their crime-detection and public-safety responsibilities. An officer who conducts a search in reliance on binding appellate precedent does no more than ' "ac[t] as a reasonable officer would and should act" ' under the circumstances. [Citation.] The deterrent effect of exclusion in such a case can only be to discourage the officer from ' "do[ing] his duty." ' [Citation.]" (*Ibid*.)

We agree with the juvenile court that the *Davis* exception to the exclusionary rule applies here.[1] At the time of Officer Martin's search, *Diaz* was binding precedent from the California Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court of Santa Clara*

---

[1] A similar issue is pending before the California Supreme Court in *People v. Macabeo,* S221852, review granted November 24, 2014. According to the Supreme Court's News Release of November 26, 2014, one of the issues presented by *Macabeo* is as follows: "Did *Riley v. California* (2014) __ U.S. __ [134 S.Ct. 2473, 189 L.Ed.2d 430] require the exclusion of evidence obtained during the warrantless search of the suspect's cell phone incident to arrest, or did the search fall within the good faith exception to the exclusionary rule (see *Davis v. United States* (2011) 564 U.S. __ [131 S.Ct. 2419, 180 L.Ed.2d 285]) in light of *People v. Diaz* (2011) 51 Cal.4th 84?" (See http://www.courts.ca.gov/documents/ws112414.pdf.)

3

*County* (1962) 57 Cal.2d 450, 455.) Martin reasonably relied on the holding of *Diaz* that a search of appellant's cell phone was "valid as being incident to a lawful custodial arrest." (*Diaz*, *supra*, 51 Cal.4th at p. 88.) Because Martin "acted in strict compliance with binding precedent, . . . [his] behavior was not wrongful. Unless the exclusionary rule is to become a strict-liability regime, it can have no application in this case." (*Davis*, *supra*, 131 S.Ct. at pp. 2428-2429.) "About all that exclusion would deter in this case is conscientious police work." (*Id*., at p. 2429.)

We reject appellant's argument that *Diaz* is distinguishable because it involved the search of a simple "2007 flip phone," while Officer Martin searched a more sophisticated "smart phone" that had " 'the capacity to gather a substantial amount . . . of information that the owner of the phone might regard as private.' " The *Diaz* court made clear that its holding applies irrespective of the sophistication or storage capacity of the cell phone that is being searched. (*Diaz*, *supra*, 51 Cal.4th at pp. 96-98.) The court noted: "Adopting the quantitative approach of defendant and the dissent, under which the validity of a warrantless search would turn on the amount of personal information a particular item might contain, would be contrary to . . . high court precedents. [Citation.]" (*Id*., at p. 98.) The dissenting opinion in *Diaz* observed, "[T]he rule adopted by the majority . . . is broad enough to encompass all types of handheld electronic data devices, including smartphones such as iPhones and BlackBerry devices, as well as other types of handheld computers." (*Id*., at p. 105, dis. opn. of Werdegar, J.)

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

4

David Worley, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender; Michael C. McMahon Chief Deputy and William Quest Deputy Public Defender, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, Jonathan M. Krauss, Deputy Attorney General, for Plaintiff and Respondent.